# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2093
Lower Tribunal No. CF21-004927-XX

_____

DWAYNE LEE LEWIS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Polk County.
Wayne M. Durden, Judge.

July 2, 2026

TRAVER, C.J.

Dwayne Lee Lewis appeals his judgment and sentence for attempted sexual battery without consent. We have jurisdiction. *See* Fla. R. App. P. 9.140(b)(1)(A). Lewis raises four issues for our consideration, only one of which merits discussion. The trial court may have erred when it allowed into evidence the recording of a custodial interview where law enforcement repeatedly opined Lewis was guilty of the charged offense. *See Martinez v. State*, 761 So. 2d 1074, 1079 (Fla. 2000) ("[A] witness's opinion as to the guilt or innocence of the accused is not admissible.").

Lewis unsuccessfully moved in limine to exclude these statements. When the State moved to introduce the recording at trial, however, Lewis's counsel stated, "I don't object." We are therefore bound to affirm by *Carr v. State*, 156 So. 3d 1052 (Fla. 2015), because Lewis did not preserve this appellate argument.

We have previously noted the tension between *Carr*'s holding and section 90.104(1), Florida Statutes. *See Xolo v. State*, 396 So. 3d 416, 418–19 (Fla. 6th DCA 2024). By its plain language, the statute did not require Lewis to renew his objection to an unsuccessful motion in limine resulting in the admission of the custodial interview at trial. *See* § 90.104(1) ("If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). But *Carr* required Lewis to renew his objection at trial to preserve the argument for appeal. *See* 156 So. 3d at 1062 (explaining that to raise error on appeal, contemporaneous objection must be made at trial level when alleged error occurred, and counsel's "no objection" statement at trial acted to abandon pretrial objections to admissibility). We have also observed that *Carr* imposes a higher obligation on trial counsel than the statute requires. *See Xolo*, 396 So. 3d at 419. But because *Carr* binds us, we cannot and do not reach the merits of Lewis' challenges to his custodial interview or the State's assertion that any error was harmless.

2

We affirm without prejudice for Lewis to pursue postconviction relief, if he can do so in good faith. We also certify the following question of great public importance to the Florida Supreme Court:

> MUST A DEFENDANT RENEW HIS OR HER OBJECTION AT TRIAL TO THE ADMISSION OF EVIDENCE WHEN A TRIAL COURT HAS MADE A DEFINITIVE PRE-TRIAL RULING ON THE RECORD EXCLUDING IT TO PRESERVE THE ISSUE FOR DIRECT APPEAL?

> AFFIRMED; QUESTION CERTIFIED.

MIZE, J., concurs.
SMITH, J., concurs in result only.


Luke Lirot, of Luke Charles Lirot, P.A., Clearwater, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Jonathan P. Hurley, Senior Assistant Attorney General, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED